UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CRUZ RAMIREZ, *individually and on behalf of all others similarly situated,*<br>Plaintiff,<br><br>-against-<br><br>MASSAWA RESTAURANT CORP. (d/b/a MASSAWA), MASSAWA FOODS LLC (d/b/a CAFE MASSAWA), ALMAZ GHEBREZGABHER, and RAHEL TEKESTE,<br>Defendants. | Civil Action No.: 1:25-cv-4816 (JPC) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR F.R.C.P. 12(B)(1) and 12(B)(6) MOTION TO DISMISS**

**CHARLES LAW, P.C.**

Fred V. Charles, Esq.
244 Fifth Ave., Suite 2717
New York, NY 10001
Tel: (646) 494-2662
Email: fcharles@charleslawpc.com

*Attorneys for Defendants*

TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………..….ii

PRELIMINARY STATEMENT………………………………………………………….……2

RELAVANT FACTUAL BACKGROUND……………………………………………...…….3

LEGAL STANDARD ……………………………………………………………..………...4

LEGAL ARGUMENT………………………………………………………..………………..…6

I. PLAINTIFF'S FLSA CLAIMS FOR MINIMUM WAGE AND OVERTIME VIOLATIONS FAIL AS A MATTER OF LAW………………………………………………………………6

A. Plaintiff Fails to State a Claim for FLSA Overtime Violations………….……………6

B. Plaintiff Fails to State a Claim for Minimum Wage Violations Under the FLSA…….8

II. PLAINTIFF FAILS TO STATE CLAIMS FOR RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER THE NYSHRL, NYCHRL AND 42 U.S.C. § 1981…………...11

III. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF DOES NOT HAVE ARTICLE III STANDING……………………..………………………………14

CONCLUSION……………………………………………………………………………..…15

# TABLE OF AUTHORITIES

## Cases

*Alfonso v. Mougis Logistics Corp.*,
No. 21-cv-5302 (LJL), 2021 U.S. Dist. LEXIS 233344 (S.D.N.Y. Dec. 6, 2021) ......................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................................... 3

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) ................................................................................................ 3

*Beh v. Cmty. Care Companions Inc.*,
No. 19-cv-01417 (JLS) (MJR), 2022 U.S. Dist. LEXIS 178794,
2022 WL 5039391 (W.D.N.Y. Sept. 29, 2022) ...........................................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008)...........................................................................3

*Bonn-Wittingham v. Project OHR, Inc.*,
791 Fed. Appx. 71 (2d Cir. 2019) .......................................................................................4

*Brown v. N.Y. City Transit Auth.*,
No. 22-cv-2949 (ALC), 2025 U.S. Dist. LEXIS 193783 (E.D.N.Y. Sept. 30, 2025) ....................8

*Dejesus v. HF Mgmt. Servs., LLC*,
726 F.3d 85 (2d Cir. 2013) ..................................................................................................4

*Guthrie v. Rainbow Fencing, Inc.*,
113 F.4th 300 (2d Cir. 2015) .............................................................................................10

*Guzman v. Primo Installation, Inc.*,
18-CV-7226 (AT) (BCM), 2022 WL 3230095 (S.D.N.Y. June 8, 2022) ...................................5

*Lateral Recovery, LLC v. Capital Merchant Servs., LLC*,
632 F. Supp. 3d 402 (S.D.N.Y. 2022) ............................................................................... 3

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
711 F.3d 106 (2d Cir. 2015) .........................................................................................4, 5

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973).............................................................................................................8

*Mendez v. MCSS Rest. Corp.*,
564 F. Supp. 3d 195 (E.D.N.Y. 2021) ....................6

*Molina v. Richard Xia*,
No. 22-cv-864, 2025 U.S. Dist. LEXIS 206250 (E.D.N.Y. Oct. 2025) ....................9

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
723 F.3d 192 (2d Cir. 2012) ....................4

*Reyes v. Lincoln Deli Grocery Corp.*,
No. 17-cv-2732 (KBF), 2018 WL 2722455 (S.D.N.Y. June 5, 2018) ....................6

*Spires v. MetLife Grp., Inc.*,
No. 18-CV-4464, 2019 U.S. Dist. LEXIS 160181,
2019 WL 4464393 (S.D.N.Y. Sept. 18, 2019) ....................8

*Tackie v. Keff Enters. LLC*,
14-cv-2074 (JPO), 2014 U.S. Dist. LEXIS 130148 (S.D.N.Y. 2014) ....................5

*Tenecora v. Ba-Kal Rest. Corp.*,
No. 18-cv-7311 (DRH)(AKT), 2020 U.S. Dist. LEXIS 226567
(E.D.N.Y. Nov. 30, 2020)....................8

*United States v. Klinghoffer Bros. Realty Corp.*,
285 F.2d 487 (2d Cir. 1960)....................5

**Statutes**

29 U.S.C. § 255(a)....................4

42 U.S.C. § 1981 ....................7

New York Labor Law § 195 ....................10

New York Labor Law § 652(1) ....................6

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................1

Fed. R. Civ. P. 12(b)(6) ....................1

At the outset, we note that Plaintiff's Amended Complaint (ECF No. 22) names Massawa Foods, LLC as a defendant in this action, but Plaintiff has failed to effectuate service on said entity, and Massawa Foods, LLC has not waived service. Therefore, the Court does not have personnel jurisdiction over Massawa Foods, LLC. Defendants Massawa Restaurant Corp. ("Massawa"), Almaz Ghebrezgabher ("Ghebrezgabher"), and Rahel Tekeste ("Tekeste")(collectively, "Defendants") submit this memorandum of law in support of the motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), plaintiff Victor Ramirez's ("Ramirez" or "Plaintiff") Amended Complaint ("Am. Compl.) alleging eleven (11) causes of action, including claims for violations of the minimum wage and overtime, provisions of the Fair Labor Standards Act ("FLSA"), violations of the minimum wage, overtime, spread-of-hours, and wage notice and wage statement provisions of the New York Labor Law ("NYLL"), and race and/or national origin discrimination under the New York State Human Rights Law ("NYSHRL"), New York City human Rights Law ("NYCHRL") and 42 U.S.C.1981.

## PRELIMINARY STATEMENT

Defendant Massawa is a small family-owned restaurant located in the Morningside Heights section of Manhattan, with approximately 10-15 employees, founded by two African immigrants nearly 40 years ago. Massawa has never had any issues regarding employee wages or discrimination. Defendants deem this action as a frivolous lawsuit based on easily refutable, mostly fabricated "facts" by Plaintiff Ramirez ("Ramirez" or "Plaintiff"), who worked, at times, for Massawa as a cook. Mr. Ramirez claims damages for alleged improper payments and alleged discrimination, but, in reality, he actually *owes* money to Ms. Ghebrezgabher after she provided

him with thousands of dollars in unpaid personal loans. The biggest mistake Massawa has made was to rehire Mr. Ramirez each time he walked out on the job. Mr. Ramirez walked off the job on multiple occasions during his short tenure with the restaurant, hence his inability to state any adverse employment action taken against him. Plaintiff's complaint is sparse, conclusory and formulaic, and fails to state plausible claims for overtime wage violations, minimum wage violations, race discrimination, wage notice and wage statement notice violations. As there are also mathematical errors, Plaintiff's complaint simply, literally and figuratively, does not add up and must be dismissed by this Court.

RELEVANT FACTUAL BACKGROUND

Plaintiff alleges that he was employed as a cook for Massawa from August 2022 to September 2024. (Am. Compl. ¶ 38). Plaintiff alleges that throughout his tenure working with Defendants, he regularly worked in excess of forty (40) hours per week.(Am. Compl. ¶ 42). However, Plaintiff fails to identify any single workweek that he would in excess of forty (40) hours. Plaintiff alleges that between approximately August 16, 2022 to September 2023, he worked Monday through Friday between 1 p.m. and 11 p.m.; from October 1, 2023 to October 14, 2023, he worked six (6) days per week from 6 a.m. until approximately 12 a.m.; and between October 15, 2023 and September 21, 2024, he worked three (3) days per week from 2 p.m. to 10 p.m. and three days per week from 2 p.m. to 11 p.m. (Am. Compl. ¶¶43-45). Plaintiff alleges that between August 2022 and November 2023, Defendants paid him $15 per hour; and, from December 2023 to September 2024, Defendants paid him $18 per hour for all hours up to 40 hours in a workweek and $13 per hour for hours worked in excess of 40 hours in a workweek. (Am. Compl. ¶¶ 48, 49). Plaintiff admits he was granted work breaks, but alleged that these breaks were interrupted, and he

had to continue working. (Am. Compl. ¶ 50). Plaintiff alleges that Defendants failed to provide him with legally required wage notices and wage statements. (Am. Compl. ¶¶ 53-55). Plaintiff alleges that Defendants discriminated against him and other Hispanic workers on the basis of race and national origin by continuously interrupting his breaks while not interrupting the breaks of African American workers. (Am. Compl. ¶¶ 57-60).

## LEGAL STANDARD

Where a plaintiff fails to state a claim upon which relief can be granted, dismissal under ,. 12(b)(6) is appropriate. A complaint must set forth "sufficient factual matter" to state " claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2008) (a complaint must do more than set forth assertion[s]" without "further factual enhancement"). In order to meet this "facial plausibility standard, a plaintiff must allege "factual content that allows the court to draw the reasonable inference" necessary to support the claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556. Dismissal is warranted when a complaint does not allege facts "sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir 2007)(quotations omitted); *see also Iqbal*, 556 U.S. at 678 (a complaint must advance "more than sheer possibility that a defendant has acted unlawfully"). The Court must accept "well-pleaded factual allegations" as true, but it should not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. In deciding a motion to dismiss, a court may consider "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, . . . matters of which judicial notice may be taken," a "document[s] not expressly incorporated by reference in the complaint [that are] nevertheless 'integral' to the complaint." *Lateral Recovery, LLC v. Capital Merchant Servs., LLC*, 632 F.Supp.3d 402, 435 (S.D.N.Y. 2022) (citations omitted).

## LEGAL ARGUMENT

First, it must be noted that the statute of limitations for claims under the FLSA is two years, with the exception that willful violations have a statute of limitations period of three years from when the claim accrued. 29 U.S.C. § 255(a). Plaintiff's Amended Complaint contains no set of facts that Defendants' actions were willful. Therefore, Plaintiff's FLSA claims accrue from June 6, 2023, two (2) years before Plaintiff filed this action. (ECF No. 1).

## **I.** PLAINTIFF'S FLSA CLAIMS FOR MINIMUM WAGE AND OVERTIME VIOLATIONS

### **A.** Plaintiff Fails to State a Claim for Overtime Wage Violations Under the FLSA

Plaintiff fails to state a claim for overtime wage violations under the FLSA because he fails to plead any specific workweek where Defendants failed to pay him overtime wages. *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2012); *Lundy v. Catholic Health Sys. of Long Island, Inc*. 711 F.3d 106, (2d Cir. 2015). Here, while a week-by-week recounting of specific hours is not required, Plaintiff fails to identify *any* workweek where he worked in excess of forty (40) hours without compensation. Plaintiff does identify a two-week period, from October 1, 2023, to October 15, 2023, where he allegedly worked eighteen-hour days, six days per week for those two weeks in October 2023, but he also alleges that, during that same two-week period, he worked 54 hours per week. (Am. Compl. ¶ 44)). Such inaccuracies in Plaintiff's pleading render the overtime claim from plausible to speculative. *Bonn-Wittingham v. Project OHR, Inc.*, 791 Fed. Appx. 71, 74 (2d Cir.2019)(*quoting Dejesus v. HF Mgmt. Servs*., *LLC*, 726 F.3d 85, 89 (2d Cir. 2013)("[A]llegations that an employee 'regularly worked' more than forty hours per week are merely legal conclusions that constitute 'little more than a paraphrase of the statute' and cannot, standing alone, establish a plausible claim"). Here, Plaintiff's allegations amount to little more

than stating that he regularly worked more than forty (40) hours in a workweek. Plaintiff pleads time periods that he allegedly worked more than forty (40) hours in a workweek but fails to state any *given* week that Defendants failed to pay him overtime compensation. (Am. Compl. ¶¶ 43-45). Further, Plaintiff's claims are insufficient as far as specificity on what he was paid and what he was not paid. Therefore, Plaintiff fails to meet the Second Circuit plausibly pleaded standard.

**B.** Plaintiff Fails to State a Claim for Minimum Wage Violations Under the FLSA

Plaintiff's minimum wage claim must be dismissed as Plaintiff's own factual allegations allege a self-defeating claim for minimum wage violations under the FLSA. Plaintiff contends that Defendants failed to pay him statutory minimum wages pursuant to the FLSA. To state a claim for unpaid minimum wages under the FLSA, plaintiffs must at least allege facts about their pay "such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enters. LLC*, 14-cv-2074 (JPO), 2014 U.S. Dist. LEXIS 130148, at *8 (S.D.N.Y. 2014); *Guzman v. Primo Installation, Inc.*, 18-CV-7226 (AT) (BCM), 2022 WL 3230095, at *7 (S.D.N.Y. June 8, 2022). Courts in the Second Circuit have long used the standard set in *Klinghoffer* for determining whether a plaintiff has adequately pleaded a cause of action for minimum wage. *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960)(holding that the "number of hours actually worked that week multiplied by the minimum hour statutory requirement" is the minimum weekly required pay); *see also Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013)("so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week"). *Alfonso v. Mougis Logistics Corp.* ("In this Circuit, an employer violates the FLSA minimum wage

provision if 'the number of hours actually worked in a week, multiplied by the minimum hourly statutory requirement is less than the number of wages paid for the week.")(*quoting Klinghoffer*); *Mendez v. MCSS Rest. Corp*. 564 F. Supp.3d 195, 207-208 (E.D.N.Y. 2021)("The FLSA requires employers to 'pay the higher of the federal or state minimum wage applicable during any given time period.'")(*quoting Reyes v. Lincoln Deli Grocery Corp*., No. 17-cv-2732 (KBF), 2018 WL 2722455, at *5 (S.D.N.Y. June 5, 2018).

Here, Plaintiff's minimum wage claim must be dismissed because Plaintiff, by his own admission, was never paid less than the statutory minimum wage rate multiplied by the number of hours worked. Plaintiff alleges that from August 16, 2022, to September 2023, he worked 64 hours per week, from October 1, 2023, to October 15, 2023, he worked 54 hours per week, and from August 2022 to November 2023, Defendants paid him $15 per hour. (Am. Compl. ¶¶43, 48). The minimum wage rate for New York City employers during the stated time periods was $15 per hour. *See* NYLL § 652(1). Therefore, Plaintiff's effective wage rate between August 2022 and October 15, 2023, was $15 per hour, which was not less than the New York statutory minimum wage rate. Plaintiff further alleges that from October 15, 2023, to September 21, 2024, he worked approximately 51 hours per week, and from December 2023 until September 2024, Defendants paid him $18 per hour for the first 40 hours worked in a week and $13 per hour for hours worked in excess of 40 hours in a workweek. (Am. Compl. ¶¶ 45, 49). Therefore, according to Plaintiff, from December 2023 to September 2024, he was paid an effective hourly rate of $16.92 per hour, which was not less than the statutory minimum wage of $16 per hour starting on January 1, 2024. Between August 2022 to September 2023, according to Plaintiff's own factual allegations, he was paid an effective hourly rate of $15 per hour. Inscrutably, Plaintiff alleges that from October he

worked 18-hour days but only worked 54 hours in a week. Plaintiff fails to identify any single week where his effective wage rate fell below the statutory minimum wage rate because Plaintiff's FLSA minimum wage claims fail because Plaintiff concedes that he was paid an hourly rate well above the federal minimum wage and fail entirely to allege sufficient additional uncompensated hours worked to plausibly allege an effective rate below the minimum wage of $7.25/hour. Even drawing "all reasonable inferences in Plaintiff[s'] favor," there is no colorable allegation (or even speculation), that Plaintiff's pay approached $7.25/hour. Alfonso v. Mougis Logistics Corp., No.21-cv-5302 (LJL), 2021 U.S. Dist. LEXIS 233344 (S.D.N.Y. Dec. 6, 2021) (dismissing FLSA minimum wage claim because allegations, even most favorably construed, reflected effectively hourly rate of at least $12/hour, and collecting authority).

## **II.** <u>PLAINTIFF FAILS TO STATE CLAIMS FOR RACE AND NATIONAL ORIGIN DISCRIMINATION</u>

Plaintiff fails to plausibly plead claims for race and national origin discrimination because he fails to plausibly allege facts that he was similarly situated to comparator workers outside his protected class and Plaintiff fails to plead that he suffered *any* adverse employment action. Plaintiff's factual allegations relating to race and national origin discrimination (Am. Compl. ¶¶ 57-62), are generalized and conclusory and provide no detail to allow the Court to draw any reasonable inferences in his favor that he suffered an adverse employment action, or that he was similarly situated to employees outside of his protected class. Plaintiff's race and national origin claims under the NYSHRL, NYCHRL and 42 U.S.C. § 1981 may be analyzed under the same legal standard. "Employment discrimination claims on the basis of race, ethnicity, and/or national origin brought under Title VII, § 1981, and the NYSHRL are analyzed pursuant to the burden-

shifting framework established by the Supreme Court in *McDonnell Douglas v. Green*." *Tenecora v. Ba-Kal Rest. Corp*. No. 18-cv-7311 (DRH)(AKT), 2020 U.S. Dist. LEXIS 226567, at *40-41, (E.D.N.Y. No. 30, 2020)(*quoting Spires v. MetLife Grp., Inc*., No. 18-CV-4464, 2019 U.S. Dist. LEXIS 160181, 2019 WL 4464393, at *4 (S.D.N.Y. Sept. 18, 2019); *see also Brown v. N.Y. City Transit Auth.* No. 22-cv-2949 (ALC), 2025 U.S. Dist. LEXIS 193783, at *13-14 (E.D.N.Y. Sept. 30, 2025)("Plaintiff has alleged race and color discrimination under Title VII, § 1981, § 1983, the NYSHRL, and the NYCHRL. Discrimination claims under these statutes are analyzed under the *McDonnell Douglas* burden-shifting framework."). To make a prima facie case of race or national origin discrimination, a plaintiff must state: (1) that he is a member of a protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and, (4) the circumstances surrounded the action gave rise to an inference of discrimination. Here, Plaintiff plausibly alleges that he is Hispanic. (Am. Compl. ¶ 15). Plaintiff fails to allege any facts related to whether he was qualified as a cook, but, assuming that he was qualified as a cook, he pleads no adverse employment action taken against him. Plaintiff contends that his meal breaks, as well as other Hispanic workers, were repeatedly interrupted, while African American workers were allowed to have uninterrupted breaks. (Am. Compl. ¶50 ).

However, Second Circuit precedent says otherwise. Plaintiff admits that Defendants did grant him breaks, but contends that because his breaks were repeatedly interrupted, he and other Hispanic workers were required to keep working. (Am. Compl. ¶ 50). However, interrupted breaks are not an adverse employment action. *Tenecora v. Ba-Kal Rest. Corp*., No. 18-cv-7311 (GRH)(AKT), 2020 U.S. Dist. LEXIS 226567, at *47 (E.D.N.Y. Nov. 30, 2020)("[T]his Court is unaware of any legal authority in this Circuit finding the denial of meal or shift breaks, in whole

or substantial part, to be an adverse employment action.”). Plaintiff fails to allege any other facts that could be considered an adverse employment action under Second Circuit precedent.

Plaintiff also fails to sufficiently plead that he was similarly situated to comparators outside of his protective class. Plaintiff contends that Defendants did not interrupt the breaks of African American workers. (Am. Compl. ¶ 57-62). However, Plaintiff fails to identify any of the alleged African American workers by name, by title, by job duties, by supervisor, or any other identifying information that could allow the court to determine whether they were similarly situated to Plaintiff. *Brown,* 2025 U.S. Dist. LEXIS 193783, at *14-15 (holding that in order to make a sufficient comparator allegation, a plaintiff must allege that he was similarly situated in all material respects to the individuals he seeks to compare himself to). Plaintiff simply alleges no set of facts that could allow this Court to draw any reasonable emphasis in his favor that Massawa’s alleged African American employees were in all material respects, similarly situated to him. Therefore, this court should dismiss Plaintiff’s race in national origin, discrimination claims under the NYSHRL, NYCHRL and § 1981.

## **III.** <u>THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF DOES NOT HAVE ARTICLE III STANDING</u>

Plaintiff’s NYLL § 195 claims must be dismissed as Plaintiff lacks Article III standing because Plaintiff fails to plausibly plead any legally cognizable injury-in-fact resulting in a concrete harm suffered as a result of Defendants’ alleged NYLL wage notice and wage statement violations. To have Article III standing, a plaintiff must plausibly allege that he suffered concrete harm as a result of a defendant’s failure to provide a wage notice and wage statements, as prescribed by the NYLL. *Molina v. Richard Xia,* No. 22-cv864, 2025 U.S. Dist. LEXIS 206250 , at *13-14 (E.D.N.Y. Oct. 2025)(“Without concrete allegations of

harm, plaintiff's argument is entirely speculative.")(*citing Guthrie v. Rainbow Fencing, Inc.,* 113 F.4th 300, 302-303 (2d Cir. 2015)("A plaintiff must adequately allege a concrete injury-in-fact resulting from the failure to provide the wage notices and wage statements to maintain a claim for statutory damages under New York Labor Law § 195."). Here, Plaintiff, in one conclusory paragraph, alleges: "As a result of Defendants' failure to provide Plaintiff Ramirez and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Ramirez and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to them." (Am. Compl. ¶ 72). As stated, Plaintiff's stated injuries are merely informational or technical in nature and are not allegations that could independently support a legally cognizable cause of action. *Molina,* 2025 U.S. Dist. LEXIS 206250, at *12-13 (*quoting Beh v. Cmty.Care Companions Inc.,* No. 19-cv-01417 (JLS) (MJR), 2022 U.S. Dist. LEXIS 178794, 2022 WL 5039391, at *7 (W.D.N.Y. Sept. 29, 2022)("While the deficiencies in defendants' provisions of hiring notices may amount to violations of the labor law, neither plaintiffs nor the record demonstrates how those technical violations led to either a tangible injury or something akin to a traditional cause of action, as required by the Supreme Court"). Here, Plaintiff's allegations of Defendants' violations are technical in nature, and are not linked to any concrete harm suffered by Plaintiff. Therefore, no reasonable inference could support an inference that Defendants' actions caused Plaintiff any concrete harm that may have been suffered by Plaintiff. Therefore, the NYLL § 195 claims should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's FLSA minimum wage and overtime claims must be dismissed with prejudice because Plaintiff pleads self-defeating claims for minimum wage violations and fails to plausibly allege facts to support Defendants' liability for FLSA overtime violation. Plaintiff's race and national origin discrimination claims, pursuant to the NYSHRL, NYCHRO in section 1981, likewise, should be dismissed with prejudice because Plaintiff's Amended Complaint is devoid of any facts to support an adverse employment action, or

any facts showing how Plaintiff was similarly situated to his comparators outside of his protected class. Lastly, Plaintiff's NYLL claims for wage notice and wage statement violations should be dismissed because Plaintiff lacks standing as a result of a failure to show any concrete injury in fact.

Dated: New York, New York
November 10, 2025

**CHARLES LAW, P.C.**

/s/ Fred V. Charles
Fred V. Charles, Esq.
244 Fifth Ave., Suite 2717
New York, NY 10001
Tel: (646) 494-2662
Email: fcharles@charleslawpc.com